**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

December 15, 2005

Kevin J. McCarthy, Esq.
McCarthy and Winkelman, LLP
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland 20716

John R. Fischel, Esq.
Daniel R. Lanier, Esq.
Miles and Stockbridge, PC
10 Light Street
Baltimore, MD 21202

Eugene M. Zoglio, Esq.
Law Offices of Eugene M. Zoglio, PA
4309 Northview Drive, Second Floor
Bowie, MD 20716

      Re:    <u>Christian DeLaVega, et al. v. Jerry Joseph Garrett, et al.</u>
             Civil Action No.: BPG-04-2958

Dear Counsel:

      This letter will confirm the results of our telephone conference yesterday.

      A pretrial conference to be conducted by telephone has been scheduled for January 20, 2006 at 9:30 a.m. I would appreciate it if plaintiffs' counsel, Mr. McCarthy, would initiate the call. In addition, please provide me with a verdict form along with your jointly proposed jury instructions and voir dire in either Word or WordPerfect format by January 6, 2006.

      Because the parties were already provided with Judge Blake's instructions regarding courtroom procedure, these instructions will not be provided again. Please find attached, however, a separate form addressing the waiver of certain evidentiary objections not preserved in the Pretrial Order.

      This will further confirm my rulings regarding Defendants' Motion to Bifurcate (Paper No. 32) and Plaintiffs' Motion in Limine (Paper No. 38-1). Defendants moved to bifurcate the trial on the grounds that the issue of damages was much more complex than the issue of liability, and because the extent of plaintiff Christian DeLaVega's injuries could taint the jury's liability determination. Plaintiffs, in their opposition motion, challenged defendants' assertions regarding judicial economy and the potential for prejudice.

      Fed. R. Civ. P. 42(b) allows for a court to separate the liability and damages phases "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." As stated during the telephone conference, the asserted bases for

Letter to Counsel:    <u>Christian DeLaVega, et al. v. Jerry Joseph Garrett, et al.</u>
                      Civil Action No.: BPG-04-2958

December 15, 2005
Page 2

bifurcation in this case do not meet this standard. Based upon the facts in this case, I do not believe that defendants will suffer any prejudice by a joint trial of the liability and damages issues or that judicial economy would be furthered by separate trials. Accordingly, Defendants' Motion to Bifurcate (Paper No. 32) is DENIED.

     As to the second pending motion, plaintiffs moved to prohibit State Trooper Colin Bristow from offering his opinion that the accident at issue in this case was caused by plaintiff Mayra DeLaVega. Both sides agree that Trooper Bristow may testify to the personal observations he made at the accident scene, but disagree as to whether Trooper Bristow may testify in opinion form as an expert witness. The core issue, therefore, is whether Trooper Bristow qualifies as an expert under Fed. R. Evid. 702 by virtue of his "knowledge, skill, experience, training, or education." Defendants argue that Trooper Bristow qualifies as an expert in accident investigation because he has been a trooper for five years, has investigated between 100 and 150 accidents, and has received certification as an accident investigator.

     Based upon my review of the record in this case, including Trooper Bristow's deposition testimony regarding his background and his investigation in this case, the court is not satisfied that the requirements of Fed. R. Evid. 702 have been met so as to allow Trooper Bristow to offer his opinion on who caused the accident at issue. Accordingly, Plaintiffs' Motion in Limine (Paper No. 38-1) is GRANTED.[1]

     Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                               Very truly yours,

                                               /s/

                                             Beth P. Gesner
                                             United States Magistrate Judge

---

[1] Defendants may raise, and the court will consider at the time of trial, any new or different qualifications pertaining to Trooper Bristow.